SUPREME JUDICIAL COURT 
 
 BHARANIDHARAN PADMANABHAN vs. CAMBRIDGE PUBLIC HEALTH COMMISSION

 
 Docket:
 SJC-13715
 
 
 Dates:
 May 7, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Practice, Civil, Action in nature of certiorari, Appeal.
 
 

       The petitioner, Bharanidharan Padmanabhan,
appeals from a judgment of a single justice of the county court denying his
petition for relief in the nature of certiorari pursuant to G. L.
c. 249, § 4.  We affirm.[1]
      In 2014, Padmanabhan commenced an action
against the respondent, the Cambridge Public Health Commission, doing business
as Cambridge Health Alliance (CHA), after CHA terminated Padmanabhan's
employment.  The litigation eventually
concluded, many years later, when a judge in the Superior Court allowed CHA's
motion for summary judgment.  Padmanabhan
appealed, and the Appeals Court affirmed. 
See Padmanabhan v. Cambridge Health Comm'n, 102 Mass. App. Ct. 1121
(2023), cert. denied, 142 S. Ct. 1462 (2024). 
This court subsequently denied Padmanabhan's application for further
appellate review.  See Padmanabhan v.
Cambridge Health Comm'n, 492 Mass. 1105 (2023). 
Undeterred, Padmanabhan then filed his certiorari petition in the county
court, asking the court to reverse the summary judgment and order a jury
trial.  He also asked the court to
address a number of other issues, many of which stem from his disagreement with
various rulings that occurred during the course of this litigation, in the
trial court and in the appellate courts. 
The single justice denied the petition.
      "Certiorari review is designed to
'correct errors in proceedings which are not . . . otherwise
reviewable by motion or by appeal.'  G.
L. c. 249, § 4.  [Padmanabhan] has not demonstrated,
and cannot demonstrate, that his claims were not otherwise
reviewable."  Padmanabhan v. Cooke,
483 Mass. 1024, 1025 (2019).  Indeed, as
noted, he has already appealed from the summary judgment in CHA's favor.  That the Appeals Court's decision, and this
court's subsequent denial of his application for further appellate review, did
not provide the relief that he sought does not render that review inadequate or
entitle him to additional review.  See,
e.g., Picciotto v. Appeals Court (No. 2), 457 Mass. 1002, 1002, cert.
denied, 562 U.S. 1044 (2010) (denying certiorari review where petitioners had
other adequate avenue for review).
      Moreover, to the extent that Padmanabhan
asks the court to address a variety of other issues that at their core, stem
from the same underlying trial court proceedings and various related appeals,
he is essentially asking the court to revisit previous rulings or actions,
which the court need not do.  There is no
basis for Padmanabhan's requests, and he is not entitled to any further
explanations of the court's prior decisions. 
To the extent that Padmanabhan asks the court to revisit issues stemming
from other proceedings, i.e., that do not stem from the action against CHA that
is currently before us, those issues are not properly before the court.
      The single justice did not err or abuse
her discretion in denying relief under G. L. c. 249, § 4.
Judgment
affirmed.
      The case was submitted on briefs.
      Bharanidharan Padmanabhan, pro se.
 
footnotes
 
[1] The
petitioner's motion for oral argument, filed after the court indicated that the
case would be submitted on the briefs, is denied.